# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BAYWARD STONE,

    Plaintiff,

v.                                                         No. 19-cv-774 JCH/KRS

JANICE SCHRYER, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Bayward Stone's Prisoner Civil Rights Complaint (Doc. 1). Also before the Court are Plaintiff's motions seeking leave to proceed *in forma pauperis*, for a jury trial, and to appoint counsel. (Docs. 2, 3, and 5). Stone is incarcerated and appears *pro se*. He seeks money damages on the ground that a prosecutor and sheriff deputies fabricated evidence in his state criminal case. Having reviewed the complaint *sua sponte* under 28 U.S.C. § 1915(e), the Court will grant leave to proceed *in forma pauperis,* deny all other motions, and dismiss Plaintiff's claims with prejudice.

## Background

Stone is incarcerated at the Lea County Correctional Facility (LCCF). He alleges that on or about February 13, 2004, Lincoln County Sheriff Deputies Gary Lindsay and Jackie Raines conducted an "illegal search" of his residence. (Doc. 1 at 4). They purportedly "displayed items t[hat] appeared to confirm the allegations being made by the state." *Id.* Stone does not indicate what charges he was facing, but he alleges the officers "fabricated evidence to do more damage to the criminal case…." *Id.* The Court took judicial notice of the state court docket, which reflects that Stone's 2004 case involved 29 counts of criminal sexual penetration, child abuse, and contributing to the delinquency of a minor. *See* Case No. D-1226-CR-2004-0003; *see also United*

*States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand"); *Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (In *pro se* prisoner cases, federal courts may take "judicial notice of the state-court docket sheet"). A jury convicted Stone of at least 14 crimes, and while his sentence is unclear, he is still in prison for those crimes. *See* Jury Verdicts in Case No. D-1226-CR-2004-0003.

Stone further alleges that after the sheriff deputies fabricated evidence during the search, prosecutor Janice Schryer inappropriately proffered this evidence at trial. (Doc. 1 at 4). Stone contends she knew both that the evidence was fabricated and that it was obtained pursuant to an illegal search and seizure. *Id.* He also contends she relied on false testimony to obtain a conviction, and failed to notify Stone that she intended to seek a sentence enhancement. *Id.*

The Complaint raises 42 U.S.C. § 1983 claims for "illegal conviction," "illegal prosecution," prosecutorial misconduct, illegal search-and-seizure, and fraud (*i.e.* evidence fabrication). (Doc. 1 at 4-5). Stone names three Defendants: Sheriff Deputies Lindsay and Raines, who executed the search, and prosecutor Schryer. *Id.* at 1-3. Stone seeks $150,000 in damages based on "false imprisonment and … violati[on] of [his] constitutional right[s]."

## Pending Motions

As an initial matter, Stone filed motions to proceed *in forma pauperis*, to make a jury demand, and for the appointment of counsel. (Docs. 2, 3, 5). The *in forma pauperis* motion reflects that Stone cannot prepay the $400 filing fee, and any initial partial payment amount would be de minimus. The Court will therefore grant the *in forma pauperis* motion (Doc. 2) and waive the initial partial payment pursuant to 28 U.S.C. § 1915(b). With respect to the remaining

motions, no relief is available. Stone will not have a jury trial because, as discussed below, the claims are subject to dismissal. Further "courts are not authorized to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). Such a request is inappropriate here because the claims are barred as a matter of law. The motions for a jury demand and to appoint counsel (Docs. 3, 5) are denied.

**Standards Governing *Sua Sponte* Review of the Complaint**

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all civil complaints where a prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(1). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). In evaluating whether an *in forma pauperis* complaint states a plausible claim, the Court may "pierce the veil of the complaint's factual allegations" and consider other materials such as state court proceedings subject to judicial notice. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Because Plaintiff is *pro se,* the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, the pleadings are still judged by the same legal standards that apply to all litigants. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff

or assume the role of advocate. *Hall*, 935 F.2d at 1110.

## **Screening the Complaint**

Plaintiff styles his Complaint as a civil rights action under 42 U.S.C. § 1983. (Doc. 1 at 1, 2). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The crux of Plaintiff's Complaint is that Sheriff Deputies Lindsay and Raines fabricated evidence during an illegal search and that the prosecutor presented false evidence at trial. These claims fail, for a variety of different reasons. First, prosecutors are absolutely immune from suit for actions "taken in connection with the judicial process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This includes initiating a prosecution, presenting the State's case, evaluating evidence, and determining whether probable cause exists. *See Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1490 (10th Cir. 1991); *Nielander v. Board of County Com'rs.,* 582 F.3d 1155, 1164 (10th Cir. 2009). Schyer is therefore immune from suit, even if she presented evidence recovered from the illegal search. Even if Schyer were not immune, Stone cannot recover under a malicious prosecution theory. Malicious prosecution is only actionable where the "original [case] terminated in favor of the plaintiff." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). Stone was convicted following trial, and that conviction has not been vacated. All claims against

4

Schyer therefore fail.

As to the claims against Sheriff Deputies Lindsay and Raines, any recovery is barred by *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* held that the Federal Court must dismiss a § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction. *Id.* at 487. The Tenth Circuit has found that *Heck* bars § 1983 claims where, as here, an allegedly illegal search produced the evidence supporting the state criminal conviction. *See Trusdale v. Bell*, 85 Fed. App'x 691, 693 (10th Cir. 2003) (unpublished) (finding Heck barred plaintiff's § 1983 claims since an award of "damages in this civil suit would imply the invalidity of his conviction" because "the evidence obtained (i.e., the methamphetamine and shotgun), was the result of execution of the allegedly invalid no-knock search warrant"). *Cf Crabtree v. Oklahoma*, 564 Fed. App'x 402, 404 (10th Cir. 2014) (*Heck* bars claims against state officials who allegedly used false evidence to pursue a crime the plaintiff "insists never happened"). Like *Trusdale* and *Crabtree*, the Complaint here alleges that Lindsay and Raines performed an illegal search and "fabricated evidence" to present at trial. (Doc. 1 at 4). Therefore, any § 1983 award against Lindsay and Raines would necessarily imply that Stone's conviction is invalid.

Alternatively, the claims against Lindsay and Raines based on illegal search or due process violations are time-barred. Section 1983 violations occurring in New Mexico are governed by the three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014). *See also McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (The statute of limitations under § 1983 "is dictated by the personal injury statute of limitations in the state in which the claim arose."). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and

seizure, are presumed to have accrued when the actions actually occur." *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 558 (10th Cir. 1999). *Cf Wallace v. Kato,* 549 U.S. 384, 397 (2007) ("the statute of limitations upon a § 1983 claim seeking damages for false arrest … begins to run at the time the claimant becomes detained pursuant to legal process").

The allegations here plainly reflect that the search and alleged fabrication of evidence took place on February 13, 2004. (Doc. 1 at 4). Stone would have known about any fabricated evidence, at the latest, when the State proffered it during his 2005 jury trial. *See* Docket Sheet in Case No. D-1226-CR-2004-0003 (reflecting the jury trial occurred in November, 2005). The Complaint filed August 23, 2019 is therefore time-barred. *See Wilson v. Reid*, 781 Fed. App'x 789, 791 (10th Cir. 2019) (applying the time-bar *sua sponte* when screening plaintiff's Fourth Amendment police misconduct claims).

For these reasons, the Court concludes the Complaint fails to state a cognizable constitutional claim. The Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e). The Tenth Circuit counsels that *pro se* plaintiffs should normally be given an opportunity to remedy defects in their pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, courts need not *sua sponte* order an amendment when any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). As explained above, Stone cannot recover money damages from the parties responsible for his prosecution, and his claims are barred as a matter of law. Further, Stone cannot accomplish his primary goal (*i.e.,* attacking his state conviction) in this proceeding. Challenges to a state conviction and sentence must be brought as a 28 U.S.C. § 2254 habeas proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.

1997). The Court therefore declines to *sua sponte* order an amendment, which would be futile. The Court will send Plaintiff a form § 2254 petition, should he wish to pursue habeas relief.

### Imposing a Strike Under § 1915(g)

The *in forma pauperis* statutes provides that incarcerated plaintiffs accrue a "strike" each time they bring a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g); *Hafed v. Bureau of Prisons,* 635 F.3d 1172, 1176-77 (10th Cir. 2011) (holding that dismissal of an action as frivolous, malicious, or for failure to state a claim under § 1915(e)(2)(B) counts as a strike under § 1915(g)). Stone is a frequent filer in this Court, and he may already have several strikes. In any event, this dismissal for failure to state a cognizable claim counts as a strike for purposes of § 1915(g).

**IT IS ORDERED** that Stone's Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **GRANTED**; and the initial partial payment is **WAIVED**.

**IT IS FURTHER ORDERED** that Stone's Motion for Jury Demand (**Doc. 3**) and Motion to Appoint Counsel (**Doc. 5**) are **DENIED**.

**IT IS FINALLY ORDERED** that Bayward Stone's civil rights claims under 42 U.S.C. § 1983 (**Doc. 1**) are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and the Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE